# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**BORIS NICKOLAEVICH SKUDNOV**                                            **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 3:11-CV-320-H**

**TACHAU MEEK PNC BANK PLC**                                              **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Boris Nickolaevich Skudnov, filed this civil action on or about May 26, 2011. Along with his complaint, he also filed a motion to proceed *in forma pauperis*. The Court finds that Plaintiff has made the showing required by 28 U.S.C. § 1915. Accordingly, his motion (DN 3) is **GRANTED**.

Plaintiff is seeking injunctive relief only in the form of having Defendant produce to him certain records related to money orders he allegedly used to pay his rent to the Bowling Green Housing Authority in 2003. Because the Court lacks subject-matter jurisdiction over the action, it will dismiss the complaint pursuant to FED. R. CIV. P. 12(h)(3), which permits a court to dismiss a case *sua sponte* at anytime for lack of subject-matter jurisdiction. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). The

party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Plaintiff does not allege the jurisdictional basis of this case. Plaintiff states that he has a right to obtain the records. However, Plaintiff has not identified any federal statute that would allow him to force a private entity to turn over documents to him. Thus, there is no federal question jurisdiction in this case.

The Court next examines whether Plaintiff can satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332. To properly invoke the Court's diversity jurisdiction, Plaintiff must establish that this action is between citizens of different states and that the amount in controversy exceeds the sum or value of $75,000.00. *Id.*

Plaintiff has not alleged the citizenship of either himself or Defendant in his complaint. However, even if Plaintiff had established the first prong, he would fail under the second. If only injunctive relief is sought, the cost of complying with an injunction is used to establish the amount in controversy. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). The Sixth Circuit has not yet resolved whether it "view[s] the amount in controversy from the perspective of the plaintiff or the defendant." *Northup Props., Inc. v. Chesapeake Appalachia*, LLC, 567 F.3d 767, 770 (6th Cir. 2009). The Court has considered both the Plaintiff's and Defendant's viewpoint. Neither viewpoint supports a finding that the amount in controversy exceeds $75,000.00.

Accordingly, because the Court concludes that Plaintiff is not seeking damages that meet the amount-in-controversy requirement in good faith, this matter will be dismissed by separate order for lack of subject-matter jurisdiction.

Date:

cc: Plaintiff, *pro se*
 Defendant

4412.008